IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEMETRIC GRAY PEARSON, #285960<br>    Plaintiff, | * |
| v. | *<br>CIVIL ACTION NO. RDB-05-3317 |
| UNITED STATES DISTRICT COURT FOR<br>MARYLAND et al.,<br>    Defendants. | *<br>* |

******

**MEMORANDUM OPINION**

Plaintiff filed this *pro se* action against the "United States District Court for Maryland" and "State of Maryland Court of Special Appeals." He asserts jurisdiction under 42 U.S.C. § 1983. Plaintiff complains that this Court refused to appoint counsel to assist him in filing and prosecuting his petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. *See* Paper No. 1; *see also Pearson v. Galley*, Civil Action No. PJM-01-1396 (D. Md. 2001); *Pearson v. Hornbaker*, Civil Action No. PJM-02-1478 (D. Md. 2002); *Pearson v. Peguese*, Civil Action No. RWT-03-564; *Pearson v. United States of America*, Civil Action No. RDB-04-1896 (D. Md. 2004). He recounts his allegations of attorney errors occurring throughout his state court proceedings. Plaintiff seeks the appointment of counsel in the instant case and a copy of the video tape of his state court jury trial. (*Id.*)

Plaintiff also seeks leave to proceed *in forma pauperis* (Paper No. 2), which shall be granted pursuant to 28 U.S.C. § 1915(a). Upon review of the Complaint, however, the Court concludes that it shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995).

To the extent Plaintiff wishes to hold any member of this Court liable for actions taken during his habeas corpus proceedings, his claim must be dismissed. The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity. *See Stump v. Sparkman*, 435 U.S. 349 (1978). Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991), *quoting Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872).

To the extent he wishes to hold individual judges liable for actions taken during his state court proceedings, Plaintiff's claim against the "State of Maryland Court of Special Appeals" shall likewise be dismissed. Moreover, under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens, unless it consents. *See Penhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. State Gov't Code Ann., § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus Plaintiff's complaint against the "State of Maryland Court of Special Appeals" is barred by the Eleventh Amendment.

Lastly, to the extent Plaintiff's complaint is construed as a petition for mandamus relief seeking to compel the State of Maryland to provide him with a copy of the video tape of his trial, such a claim would be brought pursuant to 28 U.S.C. § 1361. Such a claim also fails. A federal district court has original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. This Court, however, has no mandamus jurisdiction over state employees and cannot compel the Maryland state courts to provide Petitioner a copy of the video tape of his trial.[1] *See generally Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 586-87 (4th Cir. 1969). The request for mandamus relief accordingly is denied. Furthermore, Plaintiff's request for appointment of counsel, contained in the Complaint, shall be denied.

Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The instant case represents the third case filed by Plaintiff and dismissed for failure to state a claim. Consequently, Plaintiff will be required to pay the full filing fee in any future cases he files, unless it appears that he is in imminent danger. A separate Order follows.

Dated:   January 11, 2006          /s/ _____
                                    RICHARD D. BENNETT
                                    UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff is, of course, free to request a copy of his trial video tape from the appropriate state court.